Filed 9/25/23  Singer v. Bluh CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RUSSELL SINGER,<br><br>  Plaintiff and Appellant,<br><br>    v.<br><br>CORIE BETH BLUH et al.,<br><br>  Defendants and Respondents. | G061604<br><br>(Super. Ct. No. 30-2020-01140136)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Derek W. Hunt, Judge.  Reversed.

Prenovost, Normandin, Dawe & Rocha, Michael G. Dawe and Brian D. Cronin for Plaintiff and Appellant.

Law Office of Desiree Causey and Desiree V. Causey for Defendants and Respondents.

Russell Singer appeals from a postjudgment award of attorney fees. The award was based on a finding that defendants Corie Beth Bluh and Paul "Buff" Weaver were the prevailing parties pursuant to Civil Code section 1717 (all further statutory references are to this code). The underlying judgment was separately appealed by Singer and we concluded it should be reversed and the matter remanded for further proceedings. (*Singer v. Bluh* (Sept. 25, 2023, G061324, G061326) [nonpub. opn.] (*Singer I*).) Accordingly, we conclude here that the attorney fees award resting on the judgment should be reversed as well.

FACTS

The underlying facts are set forth in our opinion in *Singer I, supra*, G061324, G061326, and we do not repeat them. Relevant here, after the trial court entered judgment in defendants' favor, it awarded them $53,828 in attorney fees pursuant to section 1717.

We reversed the judgment in *Singer I, supra*, G061324, G061326. Our decision is now final.

DISCUSSION

When an appellate court reverses an underlying judgment, an award of attorney fees authorized by section 1717 premised on that judgment must also be reversed. (See *Klajic v. Castaic Lake Water Agency* (2004) 121 Cal.App.4th 5, 16 [reversing fees award based on Code Civ. Proc., § 1021.5].) The party that received the award is no longer a prevailing party for purposes of section 1717 and we need not address the parties' contentions regarding the soundness of the award.

## DISPOSITION

The order awarding attorney fees is reversed.  Singer is awarded his costs on appeal.


O'LEARY, P. J.

WE CONCUR:


SANCHEZ, J.


MOTOIKE, J.